THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:12-cv-00021-MR
[CRIMINAL CASE NO. 1:09-cr-00099-MR-1]

| | |
|---|---|
| RAYMOND YEAGER, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>)<br>Respondent. )<br>_____) | **O R D E R** |

**THIS MATTER** comes before the Court on Petitioner's Motion for Reconsideration [Doc. 9].

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner is serving a 151-month sentence after being convicted of distribution and receipt of visual depictions of minors engaged in sexually explicit conduct, in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1). On January 23, 2012, Petitioner filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, in which he raised three, primary ineffective assistance of counsel claims: (1) that he was misadvised regarding a polygraph examination; (2) that he prepared an allocution at the direction of counsel that was not presented to the Court; and (3) that his

attorney failed to present evidence of "levels of sentence in other districts that resulted in lower sentencing levels." [Doc. 1]. On June 19, 2013, this Court denied and dismissed Petitioner's motion to vacate on the merits. [Doc. 7].

On July 22, 2013, Petitioner filed the pending motion for reconsideration, which is in the nature of a motion to alter or amend the prior judgment of the Court under Rule 59(e) of the Federal Rules of Civil Procedure.

## II. STANDARD OF REVIEW

With regard to motions to alter or amend a judgment under Rule 59(e), the United States Court of Appeals for the Fourth Circuit has stated:

> A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice."

Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id. Indeed, the circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for

which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2$^d$ ed. 1995)).

## III. DISCUSSION

Petitioner has not shown the existence of the limited circumstances under which a Rule 59(e) motion may be granted. That is, Petitioner's motion does not present evidence that was unavailable when he filed his motion to vacate, nor does his motion stem from an intervening change in the applicable law. Furthermore, Petitioner has not shown that a clear error of law has been made, or that failure to grant the motion would result in manifest injustice to him. See Hill, 277 F.3d at 708. Rather, in his motion for reconsideration, Petitioner merely reasserts or expounds further on some of the allegations made in the original motion to vacate. Accordingly, the Court will deny Petitioner's motion for reconsideration.

## IV. CONCLUSION

Based on the foregoing, the Court concludes that Petitioner's Motion for Reconsideration should be denied.

The Court further finds that the Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. §

2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that his Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484-85, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

## ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion for Reconsideration [Doc. 9] is **DENIED**.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: August 12, 2013

Martin Reidinger
United States District Judge

4