# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:12-cv-00021-MR
# (CRIMINAL CASE NO. 1:09-cr-00099-MR-1)

| | |
|---|---|
| RAYMOND YEAGER, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> _____ ) | O R D E R |

**THIS MATTER** is before the Court on Petitioner's "Motion to Reduce Sentence and Modify Conditions of Release Pursuant to Rule 60(b)(2) Newly Discovered Evidence." [Doc. 16].

## I.  BACKGROUND

On April 19, 2010, Petitioner pled guilty to knowingly distributing and attempting to distribute child pornography by computer, and knowingly receiving child pornography by computer, all in violation of 18 U.S.C. § 2252(a)(2).  On January 20, 2011, this Court sentenced Petitioner to 151 months of imprisonment.  [Criminal No. 1:09cr00099-MR-1, Doc. 26: Judgment].  On January 23, 2012, Petitioner filed the underlying Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C. § 2255,

raising several claims of ineffective assistance of counsel. [Doc. 1]. On June 19, 2013, the Court denied Petitioner's motion to vacate on the merits. [Doc. 7]. Petitioner filed a timely notice of appeal to the United States Court of Appeals for the Fourth Circuit, which dismissed his appeal after finding that he had failed to demonstrate he was entitled to a certificate of appealability. United States v. Yeager, No. 13-7368, 2014 WL 818874 (4th Cir. Mar. 4, 2014).

On June 25, 2014, Petitioner filed the present motion to reduce sentence and modify conditions of release, in which he seeks relief from this Court's Order denying his motion to vacate. [Doc. 16]. In the motion, Petitioner contends that, since the time he has been incarcerated in federal prison, he has discovered an unfair disparity in sentencing between himself and other federal prisoners who have also been convicted of distributing and/or receiving child pornography under 18 U.S.C. § 2252(a)(2).

II. DISCUSSION

Although Petitioner has styled his motion as one under Rule 60(b)(2) of the Federal Rules of Civil Procedure based on newly discovered evidence, the Court finds that the motion is, in fact, a successive Section 2255 petition. See United States v. Winestock, 340 F.3d 200, 206-07 (4th Cir. 2003) (observing that "a motion directly attacking the prisoner's

conviction or sentence will usually amount to a successive application"). Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Thus, Petitioner must first obtain an order from the United States Court of Appeals for the Fourth Circuit before this Court will consider any successive petition under 28 U.S.C. § 2255.

Petitioner has not shown that he has obtained the permission of the United States Court of Appeals for the Fourth Circuit to file a successive petition. See also § 2255(h) ("[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals."). Accordingly, Petitioner's successive petition must be dismissed. See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place").

### III. CONCLUSION

For the reasons stated herein, Petitioner's Motion to Reduce Sentence and Modify Conditions of Release will be dismissed as a successive Section 2255 petition.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

## **O R D E R**

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Reduce Sentence and Modify Conditions of Release [Doc. 16] is **DISMISSED** as a successive petition.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: July 2, 2014

Martin Reidinger
United States District Judge